(No. 2378.   March 18, 1920.)

## MABIE-LOWREY HARDWARE CO. v. ROSS et al.

### SYLLABUS BY THE COURT.

1.   Where plaintiff and defendant both derive their titles from the same grantor, plaintiff's title through an unrecorded deed to a third person and then to plaintiff, and the defendant's title through a recorded quitclaim deed direct to him, and where the defendant purchased in good faith, for value, and had no knowledge of the outstanding unrecorded deed of his grantor to plaintiff's grantor, defendant has the better title, and is protected by the recording act.          P. 53

2.   The grantee under a quitclaim deed, who is a purchaser in good faith, for value, without knowledge of the existence of an unrecorded deed from his grantor, is entitled to the benefit of the recording act; that is section 4788, Code 1915.
                                                              P. 53

Appeal from District Court, Eddy County; Richardson, Judge.

Suit to quiet title by the Mabie-Lowrey Hardware Company against Tom Ross and others.   Judgment for defendant Ross, and plaintiff appeals.   Affirmed.

H. C. MAYNARD, of Roswell, for appellant.

Purcell v. Victor Power and Mining Co., (Cal.) 156 Pac. 1009, Key No.   Vendor and Purchaser, 233; McBee v. O'Connell, 145 Pac. 123.

A grantee in a quitclaim deed cannot be an innocent purchaser.

Little Rock and Ft. Smith R. R. Co. v. Rankin, (Ark.) 156 S. W. 431.

A quitclaim deed gives no better title than the grantor had.

Shelton v. Horrell, 134 S. W. 988. (M.)

S. D. STENNIS, JR., of Carlsbad, for appellees.

Where A conveys to B, who neglects to record his deed, and B subsequently conveys to C, the record of the conveyance from B to C is not constructive notice to a subsequent purchaser from A of the unrecorded deed from A to B.

Lbr. Co. v. Sage, Ala. 32 So. 607; DeYampert v. Brown, 28 Ark. 166; Garber v. Gianella, 98 Cal. 527; Thursby v. Myers, 57 Ga. 155; Kerfoot v. Cronin, 105 Ill. 609; Corbin v. Sullivan, 47 Ind. 356; Huber v. Bossart, 70 Iowa 718; Tilton v. Hunter, 24 Me. 29; Traphagen v. Irvin, 18 Neb. 195; Bingham v. Kirkland, 34 N. J. E. Q. 229; Cook v. Travis, (N. Y.) 22 Barb. 338; Truitt v. Grandy, 115 N. Car. 54; Co. v. Esteb, 41 Ore. 469; Leightner v. Mooney, (Pa.) 10 Watts 407.

OPINION OF THE COURT.

RAYNOLDS, J. This is a suit to quiet title, brought by the Mabie-Lowrey Hardware Company against Tom Ross et al. From a judgment in defendant's favor, the plaintiff appeals to this court.

Both parties claim title to the property in question through conveyances from one Dock Townsend. Plaintiff received its paper title by warranty deed from one Toole, to whom Townsend had conveyed. The deed from Townsend to Toole was not recorded until nearly two years after it was made. The deed from Toole to the plaintiff was promptly recorded. Subsequent to the time Townsend made his deed to Toole, he (Townsend) made a quitclaim deed to the defendant, Tom Ross, which quitclaim deed was recorded prior to the recording of the deed from Townsend to Toole. The court below held

that Ross was a purchaser in good faith, without knowledge of the existence of the unrecorded deed, and gave. judgment in his favor.

[**1, 2**] The plaintiff below, appellant here, assigns as error this action of the trial judge, contending that defendant was not a purchaser in good faith, as he obtained his title by quitclaim deed, and therefore had no interest or title in the land, because Townsend had previously conveyed his interest by an unrecorded deed to Toole, who had conveyed to plaintiff. He further contends that defendant could take only what Townsend had to convey, and that Townsend had at the time nothing to convey. It is admitted that defendant paid value for the property in question, that he had no knowledge of the existence of the outstanding unrecorded deed from his grantor to Toole, and that the records of deeds in the county recorder's office show that the record title was in his grantor, Townsend, at the time he, the defendant, purchased. It is contended, however, because he took a quitclaim deed from Townsend, that he is not a purchaser in good faith under the recording acts; that is, section 4788, Codification of 1915.

Appellant, in support of his contention, cites the case of Ames v. Roberts, 17 N. M. 609, 131 Pac. 994; but that case is distinguishable from the present one in the fact that the property described in the unrecorded deed was not referred to in the subsequent mortgage. The language of the opinion (17 N. M., at page 613, 131 Pac. 995) bears out this distinction, where it is said:

"Ames not having recorded his deed at the time of the execution of the mortgage, had the mortgage specifically described the real estate therefore conveyed to him, title to the real estate would have passed under such mortgage, in the absence of showing of knowledge of the existence of such unrecorded deed on the part of the mortgagee."

There are many authorities which support the position of the appellant, but in our opinion the better view is set forth in Devlin on Deeds, vol. 2, §§ 672 and 673,

where the whole subject is elaborately treated and the
following language is used: .

"But in other states, and more reasonably, as it seems to us,
it is held that a purchaser under a quitclaim deed, who be-
comes such in good faith and for a valuable consideration,
may claim the benefit of the recording laws, and that his con-
veyance, if first recorded, will prevail over a prior deed of
bargain and sale. This is the rule adopted in California.
*   *   *   This view was also, at an early day adopted in Illi-
nois.   *   *   *   The rule that a purchaser under a quitclaim
deed is entitled under the registry laws to the character of a
bona fide purchaser, and to the protection that such a char-
acter gives, prevails in many states."

"Sec. 673.  We think that it is unreasonable to deprive a
purchaser under a quitclaim deed of the benefits of the reg-
istration laws.  A conveyance of this character is sufficient to
convey all the title the grantor possesses at the time of its
execution.  If he has already executed a prior conveyance,
a subsequent grantee, whether by a quitclaim deed or
a deed containing every covenant, can acquire no title un-
less it be by virtue of some principle of estoppel, or by force
of some positive provision of the statute relative to registra-
tion.  There is, to our mind, no force in the argument that a
purchaser by a quitclaim deed can succeed to no rights save
those possessed by his grantor.  The same is true of a pur-
chaser under any other kind of deed.  The latter succeeds by
the conveyance only to the title of the grantor, although he
may be entitled to the benefit of the subsequent title of his
grantor by operation of the doctrine of estoppel, and may have
a right to resort to his grantor on the covenants contained in
the deed for any breach of or defect in the title he has pur-
chased.  Nor should the fact that a purchaser accepts a quit-
claim be regarded, in our judgment, as a 'significant circum-
stance,' in charging him with notice of a prior or paramount
title.  Mr. Rawle very properly says with reference to this
suggestion:  'But there would appear to be equal reason for
the opposite argument, that a deed with general warranty was
as significant a circumstance—that, unless there had been
something wrong about the title, the purchaser would not
have demanded a general covenant, and that he intended to
run the risk of the defect, and rely upon the covenant for his
protection.  In the absence of local usage it would seem that
no presumption of notice can properly arise, either from the
absence or presence of unlimited covenants, and where it is,
as some of the cases say, the invariable usage in a state to
insert general covenants, the presence in a deed of limited
covenants is only a ground of presumption of mutual knowl-
edge, or at least, of suspicion, of some defect of title.'  The
theory of the registry laws is that the records truly disclose
the state of every title.  If an intending purchaser, after a
careful examination of the record, finds the legal title lodged
in his grantor, and has no actual notice of any outstanding

claim, and obtains all of his grantor's interest, why should his right to precedence over a prior unrecorded conveyance of which he had no notice depend upon the form of his deed? Quitclaim deeds in many states are not unusual forms of conveyance. The grantor may have the best of reasons for not desiring to execute a deed with covenants, or even to agree, impliedly, that the grantee shall succeed to any title the former may subsequently acquire. The grantee may be thoroughly satisfied with the validity of the grantor's title, and may, in his confidence, consider himself fully protected by acquiring that title, without the exaction of covenants for his reparation in case of its failure. The fact that his deed contains no covenants, and that the grantor conveys to him nothing but his title, should not, in our opinion, be entitled to consideration in the determination of the question whether he is to be regarded as a bona fide purchaser or not. This question should be decided with reference to other considerations, as want of consideration, or purchase with notice. It might, perhaps, as a question of evidence, on the issue of notice, be conceded that a party should be permitted to show, that one of the reasons why the grantee took a quitclaim deed was because both he and the grantor were aware of a prior conveyance or a defect in the title. But, as we have stated, we can see no reason for the doctrine that a quitclaim deed should, of itself, aside from any other suspicious circumstances, be sufficient to deprive its holder of occupying the character of a bona fide purchaser."

We therefore hold that the trial judge correctly decided in favor of the defendant, and the judgment below is affirmed; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.

### SYLLABUS BY THE COURT.