432 P.2d 823

Leonard C. JONES, Plaintiff-Appellant,

v.

Adolph W. PRINGLE, Defendant-Appellee,
No. 8367.

Supreme Court of New Mexico.

Oct. 23, 1967.

468

Leonard C. Jones, pro se.

Montgomery, Federici & Andrews, Seth D. Montgomery, Santa Fe, for appellee.

## OPINION

COMPTON, Justice.

This appeal is from an order of the district court dismissing the plaintiff's cause of action under § 21-1-1(41) (e) (1), N.M.S.A.1953.

The pertinent provisions of the statute provide:

"(1) In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein * * * has failed to take any action to bring such action or proceeding to its final determination for a period of at least two [2] years after the filing of said action or proceeding * * * any party to such action or proceeding may have the same dismissed with prejudice * *

by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

The record discloses the following. The complaint was filed October 23, 1963. Defendant was served with process on June 19, 1965. On July 16, 1965, appellee moved for a dismissal of the complaint on the grounds (a) that the case had not been prosecuted with diligence, (b) that the appellant had failed to comply with § 21-1-1 (5) (a), N.M.S.A.1953, requiring service of process be made with all reasonable diligence. On September 6, 1966, the appellant gave notice of hearing on appellee's motion to dismiss under § 21-1-1(5) (a) and obtained a setting thereon by the court. The court also set for hearing appellant's objections to certain interrogatories propounded by the appellee. The next day, September 7, 1966, appellee filed the present motion to dismiss under Rule 41(e).

While the procuring of a setting on the merits prevents mandatory dismissal under Rule 41(e), Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960; Foster v. Schwartzman, 75 N.M. 632, 409 P.2d 267, we consider the notice of hearing of September 6, 1966 and the setting thereon to be nothing more than proceedings leading to the disposition of interlocutory matters. These were not actions as contemplated by the statute to bring the proceeding to its final determination so as to toll the statute. Briesmeister v. Medina, 76 N.M. 606, 417 P.2d 208; State ex rel. City of Las Cruces v. McManus, 75 N.M. 267, 404 P.2d 106; and Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574.

The order should be affirmed, and it is so ordered.

NOBLE and CARMODY, JJ., concur.