466 P.2d 96

**SOUTHERN PACIFIC COMPANY, a Delaware Corporation, Plaintiff-Appellee,**

v.

**R. M. TIMBERLAKE, Defendant-Appellant.**

**No. 8801.**

Supreme Court of New Mexico.

Jan. 26, 1970.

Rehearing Denied March 9, 1970.

Motion for Leave to File Second Motion for Rehearing Denied March 31, 1970.

Modrall, Seymour, Sperling, Roehl & Harris, John R. Cooney, Albuquerque, for defendant-appellant.

White, Gilbert, Koch & Kelly, Santa Fe, for plaintiff-appellee.

## OPINION

TACKETT, Justice.

This is a condemnation proceeding in the District Court of Dona Ana County, New Mexico, involving land situate near Anapra, New Mexico. A prior appeal to this court (No. 8004), from Judge Scoggin's refusal to dismiss the case pursuant to Rule 41(e), Rules of Civil Procedure (§ 21–1–1 (41) (e), N.M.S.A., 1953 Comp., 1967 Pocket Supp.) was dismissed on the ground that no final judgment had been entered. Appellant Timberlake, the land owner, now appeals from an "Order Granting Motion for Summary Judgment in Affirmation of Compromise Settlement and Disposing of Proceeding" entered by Judge Triviz on June 13, 1968, and an order denying Tim-

berlake's motion for reconsideration entered June 28, 1968.

Southern Pacific's petition for condemnation was filed in the district court on July 14, 1959. An order appointing commissioners was filed November 9, 1959. The commissioners filed their report as to Timberlake on May 21, 1960, and on June 17, 1960, Timberlake filed exceptions to the commissioners' report. The original condemnation petition included several defendants in addition to Timberlake. After dismissal, as to certain of the other defendants, a final decree was entered April 20, 1964, which disposed of the proceedings as to all defendants except Timberlake. The case was set for jury trial on four occasions in 1960, 1961 and 1963, although as of those dates the commissioners' report had not been confirmed.

On October 24, 1963, Southern Pacific filed a "Declaration of Taking," stating that Southern Pacific had paid the amount represented by the commissioners' report into court; that the parties had settled the case by an agreement dated August 21, 1961; and that Southern Pacific tendered the additional amount involved in the settlement into court.

On December 13, 1963, Timberlake filed a petition for ejectment and for hearing on necessity and character of use of property sought to be condemned. An amended petition for ejectment was filed by Timberlake on March 30, 1965. Southern Pacific filed responses to both the petition and amended petition. On April 22, 1965, Timberlake moved to dismiss the case under Rule 41(e), supra, and on May 3, 1965, Southern Pacific moved to dismiss Timberlake's exceptions to the commissioners' report, also under Rule 41(e), supra. Southern Pacific's response to Timberlake's amended petition for ejectment included a motion for affirmative relief seeking confirmation of the alleged settlement agreement.

The case was heard before Judge Scoggin on April 12, 13 and May 3, 1965. Only Southern Pacific offered evidence

at that hearing. At the conclusion of Southern Pacific's testimony, Judge Scoggin announced that he would deny Southern Pacific's motion to affirm the alleged settlement agreement; that he would also deny Timberlake's motion to dismiss under Rule 41(e), supra; but that Timberlake's right to present evidence concerning the other questions raised in Timberlake's amended petition for ejectment and a ruling on such issues would be preserved.

On June 7, 1965, Judge Scoggin entered an order denying Southern Pacific's motion to dismiss Timberlake's exceptions to the commissioners' report, which order also confirmed the commissioners' report. Judge Scoggin, on the same date, entered a further order denying Timberlake's motion to dismiss under Rule 41(e), supra. Notice of appeal from that order to this court was given on June 26, 1965. In cause No. 8004, we dismissed that appeal upon the ground that no final judgment had been entered. On the same day that the notice of appeal was filed, Timberlake filed an appeal and demand for jury seeking a trial de novo on the issue of damages.

Upon return of the case to the district court, Judge Scoggin was no longer on the bench, Judge Triviz having succeeded him.

On May 14, 1968, Southern Pacific moved for consideration "or reconsideration" of its motion to affirm the alleged settlement agreement. The motion stated that it would come on for hearing before Judge Triviz on May 25, 1968. Prior thereto, the case had been set for jury trial on May 31, 1968. On May 16, 1968, Timberlake filed a motion for continuance and a response to the motion for consideration or reconsideration of the alleged settlement agreement, stating that the same had been determined adversely to Southern Pacific by Judge Scoggin and that, in any event, if the ruling were reconsidered Timberlake was entitled to a jury trial of the factual issues presented. Timberlake also filed a motion for reconsideration of his amended petition for ejectment, and a

motion to dismiss for failure to join an indispensable party defendant, namely Mrs. Timberlake.

At the hearing before Judge Triviz on May 16, 1968, counsel for both Southern Pacific and Timberlake announced they did not know the motion to affirm the settlement agreement was going to be heard. Judge Triviz announced he would consider the motion as being one for summary judgment and, after hearing argument, ruled that he would affirm the settlement agreement and entered summary judgment in favor of Southern Pacific.

On June 12, 1968, after entry of summary judgment in favor of Southern Pacific, Timberlake filed a motion for reconsideration, attaching an affidavit of counsel and certain correspondence between counsel and the court following the hearing in May 1965, reflecting Judge Scoggin's understanding that no ruling had been made on the amended petition for ejectment, and that Timberlake had not waived his right to present evidence. An order denying the motion for reconsideration was entered by Judge Triviz on June 28, 1968, the same date the motion for reconsideration was filed. Timberlake appeals from this and from the summary judgment.

■ Appellant Timberlake relies on ten assignments of error for a reversal of the trial court's decision. Appellant's point I claims error in the court's denying Timberlake's motion to dismiss under Rule 41(e), supra, and its points VII, VIII and IX claim error in the court's favorable consideration in its summary judgment of Southern Pacific's motion under Rule 41(e), supra. Both of those motions were made during the time the court was actually hearing argument and evidence on the petition for ejectment and the response thereto. Without determining whether Rule 41(e), supra, is applicable in actions brought under § 22–9–8, N.M.S.A., 1953 Comp., we hold neither of those motions was timely filed. Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960 (1965). We distinguish Jones v.

Pringle, 78 N.M. 467, 432 P.2d 823 (1967), in that here the matter before the court at the time the motions were filed was certainly one which would lead to a final determination of the cause.

Appellant's points II and III are consolidated and are as follows:

"The Court erred in confirming and approving the report of commissioners on the lands of defendant, R. M. Timberlake, and in awarding possession of said lands to the petitioner upon the ground and for the reason that the evidence disclosed that the petitioner's taking is unlawful and unauthorized.

"The Court erred in confirming and approving the report of commissioners herein, and in awarding possession of defendant, R. M. Timberlake's lands to petitioner, in that the evidence disclosed that petitioner's taking is unlawful as said taking is not for a public use or purpose."

The single issue raised by these points is whether the evidence disclosed that the appellee's taking of appellant's lands was for a public use or purpose. This is a substantial evidence question. At the hearing before Judge Scoggin on April 12, 13 and May 3, 1965, appellee presented evidence as to public use, which was not rebutted by appellant Timberlake. In his order of June 7, 1965, Judge Scoggin ruled on the basis of the evidence that "* * * Petitioner's taking and possession of the land is confirmed."

■ There was no error in confirming the commissioners' report and awarding possession to appellee in that the evidence is sufficient to show public use. This court will not disturb the decision of the trial court where it is supported by substantial evidence. Hamilton v. Doty, 71 N.M. 422, 379 P.2d 69 (1962); Jensen v. Allen, 63 N.M. 407, 320 P.2d 1016 (1958).

Under points IV, V and VI, appellant claims error in the granting of the summary judgment, thus affirming the compromise agreement; point IV, in that Timberlake had no opportunity to present evidence; point V, in that there was no substantial evidence to support it; and point VI, in that there are material issues of fact concerning the settlement. We find it necessary to rule only on points IV and VI in disposing of the issues.

■■ Neither party was ready for the hearing held by Judge Triviz on May 16, 1968, on the question of final determination of the compromise agreement. Proper notice had not been given and the trial court considered only Southern Pacific's case from the record heard by Judge Scoggin. Timberlake was never permitted to put on his case. It was error for the trial court to rule on the record of the previous hearing before Judge Scoggin without taking additional evidence on the question of the compromise agreement. Bogle v. Potter, 68 N.M. 239, 360 P.2d 650 (1961); Bogle v. Potter, 72 N.M. 99, 380 P.2d 839 (1963 2d appeal). Likewise, the court erred in construing the motion for reconsideration as a summary judgment motion, as there were material issues of fact that should have been considered by the trial court.

■ It is error to grant summary judgment if any question of material fact is present, such as here. Under summary judgment procedure, all reasonable inferences are to be resolved in favor of trial and against summary judgment. A motion for summary judgment is not to be used as a substitute for trial. Rule 56, Rules of Civil Procedure (§ 21-1-1 (56), N.M.S.A., 1953 Comp.); Shumate v. Hillis, 80 N.M. 308, 454 P.2d 965 (1969).

■ Timberlake has waived his right to a jury trial on the compromise agreement. He permitted the question to be heard before Judge Scoggin without a jury and included it in his petition of December 13, 1963, without a demand for a jury. In fact, he asked for a recision of the agree-

**254**

ment, if made. Porter v. Alamocitos Land & Livestock Co., 32 N.M. 344, 256 P. 179 (1927); Quintana v. Vigil, 46 N.M. 200, 125 P.2d 711 (1942).

Appellant's points VII, VIII and IX claim error in that the trial court considered Rule 41(e), supra, and the inherent power of the trial courts to dismiss as being applicable to Timberlake on the question of the compromise agreement. Here the trial court considered the record only and must have relied upon Rule 41(e), supra, as there are no findings sufficient to show use of the court's inherent power by consideration of the negligence of the parties or the equities. See Benally v. Pigman, 78 N.M. 189, 429 P.2d 648 (1967). What we have hereinabove held concerning Rule 41(e), supra, disposes of these contentions.

By its point X, appellant claims the allowance of the summary judgment was wrong because it would relegate him to the damages fixed by § 22-9-9, N.M.S.A., 1953 Comp., as of the date of the notice of condemnation. Because of the view we take of the issues presented by this case, we find it unnecessary to rule on this point.

The cause is reversed and remanded with instructions to the trial court to grant a hearing without a jury on the question of the compromise agreement, allowing both parties to present such evidence as deemed necessary, and to enter of record a denial of the petition in ejectment. If the trial court finds, after hearing the evidence, that there was no compromise agreement, a jury trial should be granted on the question of damages. All pending motions which have not been disposed of should be considered by the trial court and proper orders entered thereon.

It is so ordered.

COMPTON and WATSON, JJ., concur.