487 P.2d 906

STATE of New Mexico ex rel. STATE HIGH-
WAY DEPARTMENT of New Mexico,
Petitioner-Appellee,

v.

INTERTRIBAL INDIAN CEREMONIAL
ASSOCIATION, Inc., a New Mexico
Corporation, Defendant-Appellee,

v.

Elizabeth C. DENNY, Trustee under the Last
Will and Testament of Gretchen D. H. Ly-
on, Deceased, et al., Defendants-Appellants.

No. 9191.

Supreme Court of New Mexico.

Aug. 2, 1971.

Grantham, Spann, Sanchez & Rager,
Albuquerque, Denny, Glascock & McKim,
Gallup, for appellants.

John E. Perry, Gallup, for appellee.

## OPINION

McMANUS, Justice.

This action was brought in the District
Court of McKinley County, New Mexico,
by the State Highway Department to con-
demn certain land for highway purposes.
The appellants and appellee were named as
defendants and both claimed the proceeds
from the condemnation. The appellees,
Intertribal Indian Ceremonial Association,
Inc., a New Mexico corporation, claimed
title in fee simple to said property under
a deed from McKinley County, New
Mexico. Appellants, likewise, claimed a
fee simple title under a possibility of
reverter in a prior deed. The district court
granted appellee's motion for summary
judgment from which this appeal is taken.

As background, the record reflects a
deed from the Santa Fe Pacific Railroad
to one Gregory Page of Gallup, New
Mexico. The deed was dated March 23,
1921 and filed of record in McKinley
County on April 22, 1921. The deed cov-
ered 93.53 acres, more or less, and contain-
ed the following language:

"TO HAVE AND TO HOLD the
said premises above described, with the
appurtenances, unto the said party of
the second part, and his heirs and as-
signs forever, upon the following condi-
tions, limitations and restrictions:

"That the above described premises
shall at all times be kept and maintained

as a public park, fairgrounds or place of recreation and amusement, for the use of all the residents of said County of McKinley, and shall at all times be known and designated as 'The Lyon Memorial Park,' in memory of Albert Edward Lyon, and of the residents of said County of McKinley who lost their lives in the late war with Germany and her Allies; and no use of said premises or any part thereof shall be permitted for any purpose or purposes whatsoever other than the purposes hereinabove stated.

"That the said party of the second part accepts the foregoing conveyance of said described premises upon the conditions, limitations and restrictions hereinabove set forth. In the event said premises or any part thereof shall at any time hereafter be devoted to any uses or purposes other than those hereinabove stated, then the title to the above described premises shall immediately revert to and vest in the said party of the first part, its successors or assigns.

"Provided, however, that nothing herein contained shall be held to prohibit said party of the second part from conveying and dedicating said premises to the County of McKinley, State of New Mexico, upon the conditions, limitations and restrictions hereinabove set forth, which shall, by the terms of any instrument of conveyance or dedication, be made binding upon said County of McKinley."

Following this conveyance, Gregory Page conveyed this same land to McKinley County by deed dated April 23, 1921, and recorded April 25, 1921. The deed retained substantially the same language as quoted above in the prior deed, but called for reversion to Page from the county, although it also contained language verifying the fact that it was subject to the conditions of the original conveyance from the railroad to Page.

Subsequently, on November 21, 1950, the railroad executed a deed to McKinley County, stating:

"NOW, THEREFORE, in consideration of the premises and of the sum of Ten Dollars and other good and valuable consideration, in hand paid to the party of the first part, receipt whereof is hereby acknowledged, the said party of the first part does hereby remise, release and quitclaim unto the said party of the second part, its successors or assigns, any and all rights or title which the party of the first part may have reserved to itself in the above-quoted reservation and exception."

By deed recorded March 15, 1962, the county conveyed approximately 53 acres of the land to the appellee, Intertribal Indian Ceremonial Association, Inc. This tract was the subject of the condemnation procedure causing this lawsuit.

By deed dated October 13, 1965, the county conveyed 2.468 acres to the New Mexico State Armory Board. By a subsequent deed dated September 21, 1966, the county deeded 2.664 acres to the State Highway Department. These two tracts were part of the original 93.53 acre tract, but not within the land conveyed to the Ceremonial Association.

On January 5, 1970, the State of New Mexico began condemnation proceedings in McKinley County, including as defendants both the appellants and the appellee. The acreage herein was included in the suit.

The appellants claim their title through Gregory Page, now deceased. One Gretchen D. Lyon was the heir, devisee and legatee of the estate of Gregory Page. Mrs. Lyon died, and her will named Elizabeth C. Denny as trustee. The other appellants are beneficiaries under the will of Mrs. Lyon. Appellants claim that the title to the condemned acreage reverted to them when the county breached the conditions of the deed by conveying certain acreage for non-park purposes con-

trary to the conditions of the conveyance from Page to the county. Appellee would agree that the conditions were breached but claims title under the prior deed from the railroad to Page, the railroad having quitclaimed such rights to appellee. At the hearing, both parties stipulated that the 50.32 acre tract was appraised at $1,800 per acre, which was its highest and best use as residential property and not as a park.

Inasmuch as the matters of concern in this case were disposed of by summary judgment the transcript gives no real guidance to the intent of any of the parties to the various conveyances involved herein. In our opinion there are several questions of fact which were not answered for the record. Some of the unanswered questions presented would be the effect and intent of the conveyances from the railroad to Page, Page to McKinley County, and the quitclaim deed from the railroad to McKinley County. Further, nothing in the record reflects the effect of the conveyances by McKinley County to the Armory Board and the State Highway Department. In Zengerle v. Commonwealth Insurance Co. of N. Y., 60 N.M. 379, 291 P.2d 1099 (1955), Justice Lujan wrote:

"A summary judgment can be granted only where the record shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The purpose of the summary judgment procedure is not to try an issue of fact but rather to determine whether there is an issue of fact. The method is necessarily inquisitorial. If there is a material issue of fact, it must be submitted to the jury, unless a jury trial is waived. * * *"

Also, see Southern Pacific Company v. Timberlake, 81 N.M. 250, 466 P.2d 96 (1970); Johnson v. Primm, 74 N.M. 597, 396 P.2d 426 (1964).

In light of the foregoing, we have determined that the summary judgment grant-ed was in error. The cause is remanded to the District Court of McKinley County, New Mexico, for a full trial and eventually appropriate findings of fact and conclusions of law.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.