601 P.2d 1204

**Rodney D. JEFFERS and Victoria M. Jeffers, his wife, Plaintiffs-Appellants,**

v.

**Betty L. Doel MARTINEZ, Defendant-Appellee.**

**No. 12350.**

Supreme Court of New Mexico.

Nov. 2, 1979.

Cohen & Aldridge, William F. Aldridge, Albuquerque, for plaintiffs-appellants.

Avelino V. Gutierrez, Jess C. Sandoval, Albuquerque, for defendant-appellee.

## OPINION

FELTER, Justice.

Plaintiffs-Appellants, Mr. and Mrs. Jeffers (hereafter Jeffers), sued Defendant-Appellee, Ms. Martinez, for specific performance of a real estate contract wherein Jeffers were the buyers and Ms. Martinez was the seller. From a summary judgment in favor of Ms. Martinez, this appeal was taken by the Jeffers. We reverse.

On February 5, 1978, Jeffers entered into a real estate contract with Ms. Martinez for the purchase of a house and lot in Albuquerque. Before her marriage to Frank R. Martinez (Mr. Martinez) the real estate in question was the sole and separate property of Ms. Martinez (formerly Betty L. Doel) resulting from a previous marriage of hers. Her husband at the time of execution of the real estate contract was Mr. Martinez. The real estate contract of February 5, 1978 was signed by Defendant-Appellee "Betty L. Doel [Martinez]." The Jeffers' position is that they had been assured that Ms. Martinez and her present husband, Mr. Martinez, had executed a marriage settlement agreement preserving, *inter alia,* the real estate with which we are here involved as the sole and separate property of Ms. Martinez. Further, the Jeffers claim they did not have either actual or constructive notice of any conveyance or transmutation of the real estate in question from the sole and separate property of Ms. Martinez to community property of Mr. and Ms. Martinez. It is uncontroverted that a quit claim deed purportedly given on May 3, 1977 from Ms. Martinez to Mr. and Ms. Martinez as husband and wife was never recorded.

Ms. Martinez controverts the Jeffers' position stating that the deed from Ms. Martinez to Mr. and Ms. Martinez as husband and wife is valid, thereby transmuting the subject real estate into community property. Further, Ms. Martinez alleges that no marriage contract ever existed between Ms. Martinez and her husband, Mr. Martinez. Mr. Richmond, the realtor who was handling the sale, at all times material thereto had knowledge of the facts which make the real estate community property. Richmond denies such assertion and corroborates the position of Jeffers.

Ms. Martinez contends that the real estate contract of February 5, 1978 is void

and unenforceable pursuant to Section 40–3–13(A), N.M.S.A.1978, which section provides that conveyances of real estate which is community property by one spouse alone is void. In support of this premise, Ms. Martinez also cites *Hannah v. Tennant,* 92 N.M. 444, 589 P.2d 1035 (1979). Ms. Martinez correctly interprets the law as it relates to community property.

The Jeffers claim they are innocent purchasers for value without notice or knowledge of the unrecorded deed or any other facts which would have changed the character of the real estate from the sole and separate property of Ms. Martinez to community property.

Section 14–9–3, N.M.S.A.1978 provides:

No deed, mortgage or other instrument in writing, not recorded in accordance with Section 14–9–1, NMSA 1978, shall affect the title or rights to, in any real estate, of any purchaser, mortgagee in good faith or judgment lien creditor, without knowledge of the existence of such unrecorded instruments.

In *Mabie-Lowrey H. Co. v. Ross,* 26 N.M. 51, 189 P. 42 (1920) this Court stated, insofar as here material:

The court below held that Ross was a purchaser in good faith, without knowledge of the existence of the unrecorded deed, and gave judgment in his favor. 26 N.M. at 52–53, 189 P. at 43.

We therefore hold that the trial judge correctly decided in favor of the defendant.

26 N.M. at 55, 189 P. at 44.

■ Any conflict between §§ 40–3–13 and 14–9–3 should be resolved in favor of the latter statute which protects the rights of innocent purchasers for value without notice of unrecorded instruments. A grantor or a grantee of any deed to real estate may attend to the recordation thereof and thus protect title and status of real estate as may be desired. An innocent purchaser without notice of an unrecorded deed can do nothing to protect his position except to place his reliance upon the law as stated in Section 14–9–3. Equitable principles require that the innocent purchaser should prevail over one who negligently fails to record a deed upon which he seeks to rely.

■■ If the Jeffers are found to be innocent purchasers for value without notice then the real estate was not at any material time community property as to the innocent purchaser for value. It is apparent, therefore, that summary application and effect could not be given properly to Section 40–3–13 upon the facts before the trial court. Before the law relating to sale and conveyance of community property may be made applicable to Jeffers in the real estate transaction before us, the trial court must first resolve as a question of fact that the Jeffers were not innocent purchasers for value or that they had prior knowledge or notice of the unrecorded deed from Ms. Martinez to Mr. and Ms. Martinez as husband and wife. A genuine issue of fact exists and must be decided before Section 40–3–13 can be applied. Where such an issue exists, summary judgment may not be granted. *Pharmaseal Laboratories, Inc. v. Goffe,* 90 N.M. 753, 568 P.2d 589 (1977); *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972); *Southern Pacific Company v. Timberlake,* 81 N.M. 250, 466 P.2d 96 (1970).

This case is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.