In re Doris Jean STEVENSON, Debtor.

Doris Jean STEVENSON, Alice Guzman, Ruth Steward, Donald Meadows, Phila. Unemployment Project on behalf of themselves and all others similarly situated, Plaintiffs,

v.

CONSUMER PROTECTION SERVICES, Gerry Robinson, Edward O'Brien, Frank Millardi, Buddy Caldwell, U.S. Protective Services, Frank Jenkins a/k/a Frank Arena Christine Arena, John Arena, Defendants.

Bankruptcy No. 82–04841K.
Adv. No. 83–0881K.

United States Bankruptcy Court,
E.D. Pennsylvania.

June 4, 1985.

Henry J. Sommer, Bruce Fox, Philadelphia, Pa., for plaintiffs.

Jonathan H. Ganz, Christopher Kuhn, Philadelphia, Pa., for defendant Buddy Caldwell.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted is before the Court for decision. For the reasons stated herein, the motion will be denied.

This adversary proceeding was commenced as a class action lawsuit against defendants for their alleged violations of the Pennsylvania Trade Practices and Consumer Protection Law [1] in the course of offering financial counselling to consumers with financial difficulties. The plaintiffs contend that defendants operated financial counselling businesses, and gave consumers legal advice about bankruptcy law, and other legal matters, without the qualifications to do so. Among the acts complained of are (1) the unauthorized practice of law; (2) false and deceptive advertising; and (3) the knowing misrepresentation to plaintiffs of the need to file for bankruptcy when bankruptcy was not a necessary or appropriate solution to plaintiffs' financial problems. The plaintiffs named above are debtors who allege that they filed petitions in bankruptcy after being advised to do so by defendants. Plaintiffs seek damages and injunctive relief for injuries allegedly sustained as a result of defendants' activities. Plaintiffs have filed a motion to maintain this proceeding as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.[2] That motion is also pending before this Court. If the motion is granted, the plaintiff class will be composed of those individuals who paid money to any one of the defendants for advice regarding bankruptcy, or for assistance in preparing a bankruptcy case, or for any other legal service. *Amended Complaint* ¶ 13.

The original complaint was filed on March 31, 1983 and was later amended to include additional defendants. Buddy Caldwell ("Caldwell") is one of the defendants named in the original and amended complaints.[3] Initially, Caldwell filed an answer denying the plaintiffs' allegations and setting forth affirmative defenses. Upon receiving the amended complaint, Caldwell filed the instant motion to dismiss. The motion is premised upon the plaintiffs' failure to aver facts that relate specifically to Caldwell, or to aver that Caldwell acted in concert with the other defendants.

## DISCUSSION

Under the simplified "notice pleading" provisions of the Federal Rules of Civil Procedure, the only requirement is that a pleading contain a "short and plain statement of the claim". Fed.R.Civ.P. 8(a)(2) provides as follows:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief ...

There is no necessity for the pleading to state any "facts", "ultimate facts", or "facts sufficient to state a cause of action". 2A *Moore's Federal Practice*, ¶ 8.13, 8–101 (2d ed. 1984).

A motion to dismiss a complaint for failure to state a claim upon which relief may be granted tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to Fed.R.Civ.P. 8(a)(2). *Scherling v. Rem (In re Princeton Industries, Inc.)*, 39 B.R. 140, 143 (Bankr.S.D.N.Y.1984). For the purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be

---

**1.** Pa.Stat.Ann. tit. 73, § 201–1 *et seq.* (Purdon 1976). The complaint also alleges violation of section 329 of the Bankruptcy Code, 11 U.S.C. § 329.

**2.** Applicable to this proceeding through Bankruptcy Rule 7023.

**3.** The original and the amended complaints are identical except for paragraph 12.

viewed in the light most favorable to the plaintiff and the motion may be granted only if it appears certain that the plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. *Hishon v. King & Spaulding,* —— U.S. ——, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1968); 2A *Moore's Federal Practice,* ¶ 12.08 (2d ed. 1982).

The Supreme Court stated in *Conley v. Gibson* that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim:

> The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefore proper. The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the

principle that the purpose of pleading is to facilitate a proper decision on the merits. (footnotes and citations omitted).

335 U.S. at 47–48, 78 S.Ct. at 102–103.

We turn now to an examination of the complaint before us. It is with Part V, which contains certain factual allegations, that we are concerned.[4]

Part V of the complaint is composed of paragraphs 16 through 49. In the first part of Part V, paragraphs 16 through 39, plaintiffs attempt to establish a pattern of conduct engaged in by all defendants by describing consultations between specific plaintiffs and defendants on specific dates. For example, paragraphs 16 through 25 describe the contacts between plaintiff, Doris Stevenson, and defendant, Gerry Robinson. Paragraphs 26 through 33 describe the contacts between plaintiff, Alice Guzman, and defendant, Gerry Robinson.

Paragraphs 40 through 48 are of a more general nature. They describe the types of activities commonly engaged in by all defendants without any mention of specific plaintiffs, defendants, or dates.

Caldwell is identified as a defendant in the lawsuit in Part III of the complaint, which lists the parties and their addresses. This is the only place in which he is mentioned in the complaint. Although the allegations in Part V of the complaint at time refer to specific defendants, Caldwell is not one of them. There are no averments of facts in Part V that relate to Caldwell's activities, or to any specific plaintiffs who obtained financial counselling from Caldwell. Nevertheless, the lack of specific factual references to Caldwell or his activities is not fatal to this complaint. According to the ruling of *Conley v. Gibson,* as long as the complaint gives the defendant fair notice of the claims against him and the grounds upon which they rest, the complaint should not be dismissed for failure to state a claim.

---

**4.** Part I of the complaint contains a preliminary statement as to the type of proceeding being brought and the damages sought. Part II contains a jurisdictional statement. Part III identifies the parties. Part IV contains the class action allegations.

From our reading of the complaint, we find that Caldwell has fair notice of the claims against him and the basis for the suit. However, we do recognize that the complaint contains a latent ambiguity. It is unclear from the allegations in Part V whether the defendants operated separate financial counselling businesses, and, hence, acted as individuals, or whether they operated a single financial counselling business together.

The frequent use of the word "defendants" in connection with specific plaintiffs from paragraphs 16 to 36 is the cause of the confusion. For example, paragraphs 34, 35, and 36 describe plaintiff Ruth Steward's contacts with "defendants". Because the plural tense is used, those paragraphs imply that Ruth Steward went to all of the defendants, including Caldwell, for financial advice. Similarly, paragraphs 37, 38, and 39 describe plaintiff Donald Meadow's contacts with "defendants". Again, the implication is that Donald Meadow sought financial advice from all of the defendants, including Caldwell.

This does not appear to be the case, however, according to our reading of the complaint as a whole. Paragraph 49, the last paragraph of Part V, states that:

"Defendants have engaged in identical or similar activities to the detriment of all members of the plaintiff class."

This paragraph indicates to the Court that what is complained of is a course of conduct which each defendant engaged in as an individual, rather than in concert with or in conspiracy with the other defendants. Therefore, we are of the impression that the drafter of the complaint intended to state that each plaintiff contacted one of the defendants, rather than all of the defendants.

This latent ambiguity in the complaint can easily be cured by allowing the plaintiffs leave to amend. If our interpretation of the plaintiffs' intentions is correct, all references to specific plaintiffs in the amended complaint should contain a reference to a specific defendant with whom the plaintiff consulted, or if the name of the specific defendant is unknown or una-vailable, then the allegation should state that plaintiff consulted with one of the defendants, rather than "defendants".

In conclusion, we will enter an Order denying the motion to dismiss and granting the plaintiffs leave to amend the complaint within twenty (20) days of the date of this Order. Failure of the plaintiffs to file an amended complaint will result in automatic dismissal of the complaint. Also, the plaintiffs' motion for certification of this proceeding as a class action is scheduled for a hearing in the attached Order.