**In re Glen Howard VERETTO, SS # 525–98–5046, dba Realty Executives, Inc., fdba Executive Auto Sales, Debtor.**

**In re VERETTO ENTERPRISES, INC., a New Mexico corporation, Debtor.**

**Glen Howard VERETTO and Veretto Enterprises, Inc., Plaintiffs,**

v.

**The BOONE TRUST, Defendant.**

Nos. 11–90–01843 MA, 11–91–00603 MA. Adv. 91–0062 M.

United States Bankruptcy Court, D. New Mexico.

Sept. 13, 1991.

Michael K. Daniels, Albuquerque, N.M., for plaintiffs.

Martin Meyers, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the defendant's motion to dismiss. Two distinct issues are raised in the motion, one regarding the automatic stay and the other regarding the meaning of a transfer within 11 U.S.C. §§ 547 and 548. Due to the nature of the issues raised, the latter issue is properly brought as a motion to dismiss. The parties submitted stipulated facts for the purpose of the motion and thus the Court will consider the former issue as a motion for summary judgment. Having considered the arguments of counsel, the stipulated facts, and the applicable law, the Court finds that the motions are not well taken and will be denied.

### FACTS

1. Boone Trust is the seller and Henry and June Schutzberger are the purchasers under a certain real estate contract dated December 17, 1979, and filed in the real property records of Santa Fe County, New Mexico, on December 26, 1979.

2. An assignment of the Schutzbergers' interest in the real estate contract was executed on September 20, 1985, transferring to Veretto Enterprises, Inc., all of their right, title, claim, and interest in and to the real estate contract. The assignment was filed of record October 7, 1985.

3. Veretto Enterprises, Inc., accepted the assignment of purchasers' interest in the real estate contract on or about September 30, 1985, by document filed in the real property records.

4. At approximately the same time the assignment and acceptance were executed and filed, Veretto Enterprises, Inc., submitted to Sunwest Bank of Albuquerque, the escrow agent under the real estate contract, an executed, but unfiled, special warranty deed, the purpose of which was

to transfer title from Veretto Enterprises, Inc., to Boone Trust in the event of default under the real estate contract.

5. Neither Glen Howard Veretto, the Boone Trust, nor the trustee for the Boone Trust are signatories to the assignment or the acceptance.

6. At no time did Glen Howard Veretto have a recorded real property interest in the real property which is the subject of the real estate contract.

7. The purchasers under the real estate contract (the Schutzbergers or Veretto Enterprises, Inc.) had the right to possession of the property from 1979 through the end of 1990.

8. The real estate contract provided for semi-annual payments of the purchase price over time, and purchasers failed to make timely payment under the real estate contract for the payment due June 1990.

9. Failure to make the June 1990 payment constituted a default under the real estate contract.

10. Paragraph 8 of the real estate contract provides that:

It is mutually agreed that time is the essence of this contract. Should the purchaser fail to make any of the said payments at the respective times herein specified or fail or refuse to repay any sums advanced by the Owner under the provisions of the foregoing paragraph, or fail to [sic] refuse to pay said taxes, assessments or other charges against said real estate and continue in default for thirty days after written demand of such payments, or payment of taxes or payment of assessments or other charges against said real estate, or repayment of sums advanced under provisions of the foregoing paragraph has been mailed to the Purchaser addressed to them at Post Office Box 8984, Albuquerque, N.M. 87103, then the seller may, at his option, either declare the whole amount remaining unpaid to be then due and proceed to enforce payment of the same or may terminate the contract and retain all sums heretofore paid as rental to that date for use of said premises, and all rights of the purchaser

on the premises herein shall thereupon cease and terminate and they shall thereafter be deemed a tenant holding over after the expiration of the term without permission. An affidavit made by said Owner or his agent showing such default and forfeiture and recorded in the County Clerk's office shall be conclusive proof in favor of any bona fide purchaser or encumbrancer for value, of such default and forfeiture; and the Purchaser hereby irrevocably authorizes the Owner or his agent to thus declare and record such default and forfeiture, and agrees to be bound by such declarations as their free act and deed.

11. On June 13, 1990, Glen Howard Veretto filed for relief under the Bankruptcy Code.

12. On July 12, 1990, Thomas Goodman, Trustee for the Boone Trust, sent a notice of default under the December 1979 real estate contract to the Schutzbergers and to "Glen Veretto, c/o Veretto Enterprises."

13. Thirty days after July 12, 1990, is August 11, 1990.

14. The default under the real estate contract was not cured on or before August 11, 1990.

15. On November 21, 1990, the Boone Trust filed in the Santa Fe County, New Mexico, real property records a special warranty deed from Henry Schutzberger and June Schutzberger, his wife, to Bertram B. Goodman, as Trustee for the Boone Trust, which deed had been executed on December 14 and 17, 1979.

16. On November 21, 1990, the Boone Trust filed in the Santa Fe County, New Mexico, real property records a special warranty deed from Veretto Enterprises, Inc., to Bertram B. Goodman, as Trustee for the Boone Trust, which deed had been executed October 1, 1985.

17. The filing of the special warranty deeds was a valid exercise of the Boone Trust's rights under the terms of the real estate contract. (Plaintiffs do not concede by this admission that the filing of the

Special Warranty Deeds was not a violation of the automatic stay).

18. On February 15, 1991, Veretto Enterprises, Inc., a New Mexico corporation, filed for relief under chapter 11 of the Bankruptcy Code.

19. Plaintiffs reduced the principal amount owed Boone Trust on the real estate contract approximately $100,000 through semi-annual payments of $12,000 for five years.

20. The Schutzburgers purchased the property for $250,000. A $50,000 down payment was made and the balance was carried on the real estate contract.

21. Boone Trust was on notice that Glen Veretto had filed bankruptcy prior to the recording of the special warranty deeds.

22. Glen Veretto's schedules and statements list the property as an asset subject to the real estate contract.

## DISCUSSION

One of the two distinct issues before the Court is whether the automatic stay was violated. The second is whether the recording of the special warranty deeds constitutes a "transfer" for the purposes of 11 U.S.C. §§ 547 and 548.

I. Was the Automatic Stay Violated?

■ The stipulated facts were filed solely for the purpose of Boone Trust's motion to dismiss. Because the Court has more than the pleadings before it upon which to decide the motion to dismiss, it will be treated as one for summary judgment. F.R.Civ.P. 12(c). Summary judgment shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. F.R.Civ.P. 56(c).

The issue as to whether the stay was violated is raised because plaintiffs contend that the Boone Trust treated Glen Veretto, the individual, as the *de facto* purchaser of the property. The plaintiffs allege that since the parties' course of conduct established the individual as the *de facto* purchaser, Boone Trust violated the stay by sending the default letter and the recording

of the special warranty deed, even though the documents were executed in the name of Veretto Enterprises, Inc. Glen Veretto, individually, filed a bankruptcy petition on June 13, 1990. The corporation did not file a bankruptcy petition until February 15, 1991. Therefore, the automatic stay in effect due to the filing of the individual's bankruptcy petition can only have been violated if Boone Trust treated the individual as the *de facto* purchaser in the real estate contract.

The Boone Trust asserts that the automatic stay was not violated because the automatic stay was not in effect for Veretto Enterprises, Inc., until February 15, 1991, well after the notice of default, termination of the real estate contract, and the recording of the special warranty deeds. Plaintiffs argue that the parties' own course of conduct established that Glen Howard Veretto, individually, and not Veretto Enterprises, Inc., was the *de facto* purchaser of the real estate contract. Plaintiffs point to a letter from Thomas Goodman to Glen Veretto, c/o Veretto Enterprises, as evidence of the parties' conduct in treating Glen Veretto as the purchaser. The Court finds that the question of who was the purchaser under the real estate contract is a material fact in dispute. Therefore, summary judgment as to the count alleging a violation of the automatic stay will be denied.

II. Was the Recording of the Special Warranty Deeds a Transfer?

■ This issue is properly brought before the Court as a motion to dismiss because the issue of whether the recording of special warranty deeds can constitute a transfer arises as a question of law, not of fact. A motion to dismiss will be granted only if it appears certain that the plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. *In re Stevenson*, 49 B.R. 914, 916 (Bankr.E.D.Pa.1985). All stipulated facts are presumed true for the purposes of the motion to dismiss. The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. *Scheuer v.*

*Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The central question is whether Veretto Enterprises, Inc. (Veretto),[1] held an interest which was transferred prepetition.[2] Boone Trust argues that the recording of the special warranty deeds did not constitute a transfer and is thus unavoidable under 11 U.S.C. §§ 547 and 548.[3] It argues that the real estate contract was automatically terminated and the purchaser's rights extinguished on August 11, 1990, when the purchaser failed to cure the default in a timely manner and that therefore, Veretto Enterprises, Inc., had no interest to transfer when the special warranty deeds were recorded on November 21, 1990.

Section 101(50) of the Bankruptcy Code defines transfer:

> "transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption.

11 U.S.C. § 101(50). The notes to the section state that the definition is as broad as possible. "Under this definition, any transfer of an interest in property is a transfer, including a transfer of possession, custody, or control even if there is no transfer of title, because possession, custody, and control are interests in property." Notes to 11 U.S.C. § 101(50). The law in New Mexico is well settled that a purchaser under a real estate contract has acquired a property interest in land. *Keirsey v. Hirsch,* 58 N.M. 18, 265 P.2d 346 (1953).

Boone Trust argues that pursuant to the terms of the real estate contract, all rights of the purchaser ceased and terminated when the purchaser failed to cure the default. Boone Trust relies heavily upon *In re Wey,* 854 F.2d 196 (7th Cir.1988), for the proposition that forfeiture of equity under a real estate contract is not a transfer as defined by the Bankruptcy Code. The *Wey* court admitted that a transfer occurred when the down payment was made. "[T]he only transfer was Wey's actual tendering of the down payment." *Id.* at 199. But, "what actually occurred when Wey defaulted was an extinguishment of his equity interest in the hotel, not a transfer." *Id.* Boone Trust argues that no transfer occurred because the purchaser had no interest to transfer when he failed to cure the default 30 days after the demand letter. Boone Trust argues that a transfer occurs when title passes, either at the inception of the contract, or upon its completion, and since Boone Trust never left title, no transfer was ever made. However, Boone Trust does acknowledge that a down payment, or a payment, would be a transfer. These arguments are inconsistent, for title does not transfer when payments are made. If a payment would be a transfer where no title was transferred, then, clearly, title does not need to pass for a transfer to occur.

A recent Fifth Circuit case criticized *Wey* as being unclear. In *In re McConnell,* (*Bustamante v. Johnson*) 934 F.2d 662 (5th Cir.1991), the court held that money paid as earnest money pursuant to a real estate contract was a transfer for the purpose of 11 U.S.C. § 548. *McConnell* affirmed the Bankruptcy Court which held

**1.** Due to the Court's ruling that a genuine issue of fact exists as to who was the purchaser under the real estate contract, Glen Veretto, individually, or Veretto Enterprises, Inc.; for simplicity's sake, both entities will be referred to as "Veretto" in the rest of this opinion.

**2.** For the purpose of plaintiffs' 11 U.S.C. § 547 complaint, the prepetition "reach-back" period is 90 days. 11 U.S.C. § 547(b)(4)(A). The time period for the fraudulent conveyance complaint is one year prepetition. 11 U.S.C. § 548(a). The Court will use the filing date of Veretto Enterprises, Inc.'s bankruptcy petition for this discussion because if the filing date of the individual were used, Veretto's equity interest in the real estate contract would clearly be part of the estate. Veretto, individually, filed his petition on June 13, 1990. The default letter was sent on July 12, 1990. Under 11 U.S.C. § 541(a)(1) all equitable interests of the debtor as of the commencement of the case comprise the estate.

**3.** 11 U.S.C. §§ 547 and 548 both have, as an essential element, the requirement that a transfer be made. Without the presence of all elements, a complaint for fraudulent or preferential transfer cannot be sustained.

that the transfer was made upon the failure of the closing to occur. *Id.* at 664. To the extent that *Wey* and *McConnell* are in conflict, this Court adopts the holding of *In re McConnell,* and holds that a forfeiture of an equity interest under a real estate contract constitutes a transfer.

### III. When Did the Transfer Occur?

■ The Court having determined that forfeiture of equity under a real estate contract is a transfer under the Bankruptcy Code, the next question is when does the purchaser's interest under the real estate contract cease to exist for purposes of recovery for the bankruptcy estate under 11 U.S.C. §§ 547 and 548.

The Bankruptcy Code provides guidance for when a transfer occurs under both §§ 547 and 548. Under a preferential transfer complaint, the transfer occurs at the time the transfer is perfected. 11 U.S.C. § 547(e)(2). Section 548 also uses perfection to determine the time of transfer. To determine when the transfer is perfected, "applicable law" must be referred to.[4] The reference to applicable law directs the Court's attention to state law for the purposes of determining when a transfer is perfected. *Grover v. Gulino (In re Gulino),* 779 F.2d 546, 550 (9th Cir.1985). Since the property is located in New Mexico, the laws of New Mexico control on the issue of perfection.

New Mexico law requires that a writing affecting the title of real estate be recorded. NMSA § 142-9-1 (Repl.1988). New Mexico law on the effect of unrecorded instruments provides that

No deed, mortgage or other instrument in writing, not recorded in accordance with Section 14-9-1 NMSA 1978, shall affect the title or rights to, in any real

estate, of any purchaser, mortgagee in good faith or judgment lien creditor, without knowledge of the existence of such unrecorded instruments.

NMSA § 14-9-3 (Repl.1988). Under the statute, a bona fide purchaser takes title superior to a prior purchaser who failed to record the deed. *Jeffers v. Martinez,* 93 N.M. 508, 601 P.2d 1204 (1979). New Mexico law is clear: it is upon recordation that a transfer of an interest in real property is perfected.

Applying the language of the Bankruptcy Code regarding perfection against bona fide purchasers for the purpose of determining the time of transfer is not particularly helpful, however, in the context of a real estate contract. When a deed is conveyed, a bona fide purchaser who records can cut off the interests of a prior purchaser who did not record. *Jeffers v. Martinez,* 93 N.M. 508, 601 P.2d 1204 (1979). For example, in *In re Sherwood Alexander Elkind,* 11 B.R. 473 (D.Co.1981), a son had transferred real property to his mother on December 15, 1977. She did not record the deed until March 21, 1980. Colorado requires the deed to be recorded for the deed to be perfected. Until the time the deed to the mother was recorded, a bona fide purchaser who recorded could have cut off the mother's interest. Under Colorado law and the Bankruptcy Code, the property was deemed transferred on March 21, 1980. *In re Elkind,* 11 B.R. 473 (D.Co.1981); *See also In re Marvin Schuman,* 81 B.R. 583 (9th Cir.B.A.P. 1987).

A real estate contract is slightly different, however, for title doesn't leave the seller until the contract is complete. In the case at bar, Veretto argues that before the special warranty deeds were recorded, he could have sold his interest to one who

---

**4.** The language in §§ 547 and 548 is similar. Under 11 U.S.C. § 547(e)(1)(A)

a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom *applicable law* permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee.

11 U.S.C. § 548(d)(1) provides that

... a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom *applicable law* permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest ... of the transferee.

(emphasis added).

could come in and pay off the contract entirely and therefore, a bona fide purchaser could take an interest superior to that of Boone Trust. However, since this is a contract, an assignee can obtain no greater rights than the assignor has. *Associates Loan Co., (N.S.L.) v. Walker*, 76 N.M. 520, 416 P.2d 529 (1966). If Boone Trust refused to allow Veretto Enterprises, Inc., the opportunity to cure the default, a bona fide purchaser of Veretto's interest could not force Boone Trust to accept payment. Thus, it cannot be said that a bona fide purchaser could acquire an interest greater than that of Boone Trust.

On the other hand, it also cannot be said that Boone Trust did not have to do anything more to "perfect" its interest upon Veretto's failure to cure the default. Under the terms of the contract, an affidavit of default had to be filed and the special warranty deed recorded to completely terminate the real estate contract. *See Welty v. Western Bank of Las Cruces*, 106 N.M. 126, 740 P.2d 120 (1987) (It is at the time of recordation that a real estate contract is terminated).

The problem in this case arises because the language in the Bankruptcy Code regarding a bona fide purchaser does not fit into the context of a real estate contract. For the Court to determine when a transfer under a real estate contract is perfected, the policies underlying the language in the Code must be examined. Determining the time of transfer to be the time of perfection serves the purpose of providing constructive notice as to who has an interest in the subject property. This is particularly important in the case of fraudulent conveyances. The requirement that a transfer be perfected precludes the possibility that an unperfected and unrecorded transfer could be made for the benefit of a creditor. The provision for perfection in the Code

embraces not only recording, if necessary under state law to validate the transfer as against a bona fide purchaser, but also the taking of open possession and every other method of making the transaction good against the world pursuant to the applicable law governing the perfection of the transfer in question.

4 Collier on Bankruptcy, ¶ 548.08 (15th Ed. 1988) 548–98. Sections 547 and 548 provide that if a transfer is not perfected before the filing of the petition, it is deemed to have occurred immediately before the date of filing. 11 U.S.C. §§ 547(e)(2)(C), 548(d)(1). The focus on perfection encourages creditors to record their interest as soon as possible and discourages secret transfers or the giving of secret liens.

In a real estate contract, the seller is the record title holder. A recorded real estate contract puts the world on notice that the buyer has an interest in the subject real estate. There is a gap in time between when the buyer has failed to cure the default and when the seller files the affidavit of default, gets the deed out of escrow and records it. Until the recording of the special warranty deed, no one knows that the buyer no longer has an interest in the real estate in question. Indeed, it is a common practice for the buyer and seller to negotiate during this gap period. Buyers may attempt to cure the default, and sellers may be open to cure. If they are not, they can exercise their contractual rights and obtain the deed and record it, and then everyone knows the buyer no longer has an interest. The Court is unwilling to attempt to delve into the mind of each particular seller to determine if it has decided to completely terminate the interest of the buyer.

The Court finds that in the context of a title retention real estate contract, the time of recordation of a special warranty deed is the time of perfection of the transfer of the purchaser's interest after default. It is at this time that a transfer occurs for the purpose of 11 U.S.C. §§ 547 and 548. This finding is consistent with the holdings regarding transfers of real estate by deed. The transfer in the case at bar occurred on November 21, 1990. The filing of the bankruptcy petition for Veretto Enterprises, Inc., occurred on February 15, 1991. Thus, the transfer of the buyer's interest under the real estate contract occurred well within the one-year period for the fraudulent conveyance count and within 90 days

for the preferential transfer count. Therefore, the motion to dismiss will be denied.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052. An appropriate order shall enter.