IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 98-40840

———————————————

In re: LEASE OIL LITIGATION (NO. II)

"ALL PLAINTIFFS"

Plaintiff-Appellee,

versus

"ALL DEFENDANTS"

Defendant-Appellant.

———————————————

Appeal from the United States District Court
For the Southern District of Texas

———————————————

January 11, 2000

Before HIGGINBOTHAM, BENAVIDES, and STEWART, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

In this interlocutory appeal, we consider the preclusive effect of an Alabama state court judgment approving a settlement of a nationwide class action on a federal class action pending in a federal district court in Texas. Defendant Mobil Oil Corporation filed a motion to dismiss, claiming an Alabama state court settlement bars the federal suit against it. We affirm the district court's denial of Mobil's motion to dismiss. We also conclude that the district court did not violate Fed. R. Civ. P. 65 in issuing an injunction against Mobil.

This federal class action asserts claims against various crude oil purchasers under § 1 of the Sherman Act for underpayments on oil production leases. After this suit was filed, other plaintiffs filed a separate suit on behalf of a national class in a circuit court of Alabama entitled Lovelace v. Amerada Hess Corporation. The factual allegations in Lovelace and the federal suit were identical, but Lovelace asserted only state law claims. The Lovelace defendants removed the case to federal court, but the federal district court in Alabama granted the Lovelace plaintiffs' motion to remand to state court based on their representation that the case involved only state law claims. Mobil then settled the Lovelace claims for $15 million and prospective relief, and an Alabama trial court affirmed the settlement. Part of that settlement released Mobil from all existing federal claims of the nationwide class.

After settling the state suit in Alabama, Mobil moved to dismiss the federal case, now consolidated with five other federal class actions and retitled. Mobil argued that the Alabama settlement precluded the federal claims. While Mobil's motion to dismiss was pending, the Texas federal district court preliminarily enjoined the parties from settling federal claims in other cases without its approval. The injunction would bind Mobil, however, only if the pending motion to dismiss was denied. The court subsequently denied the motion, thereby including Mobil in the

injunction.  Mobil appeals the injunction under 28 U.S.C. § 1292(a)(1).

## II

Mobil contends that it lacked notice and an opportunity to be heard before the injunction issued.  We review that order for abuse of discretion.  See Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 284 (5th Cir. 1999).

Rule 65 of the Federal Rules of Civil Procedure allows the court to issue a preliminary injunction after actual notice and an opportunity to be heard.  See Kaepa, Inc. v. Achilles Corp., 76 F.3d 624, 628 (5th Cir. 1996).  The form of notice is a matter for the trial court's discretion.  Plaquemines Parish Sch. Bd. v. United States, 415 F.2d 817, 824 (5th Cir. 1969).

Here, when the district court enjoined the other defendants, the order advised Mobil that it too would be enjoined if the court denied its motion to dismiss.  This was sufficient notice to Mobil. Mobil could have challenged the propriety of the injunction during the two months before the court denied its motion to dismiss.  We find no violation of Rule 65.

## III

Mobil also appeals the denial of its motion to dismiss.  Mobil argues that the Full Faith and Credit Act, 28 U.S.C. § 1783, required the federal district court to give preclusive effect to

the judgment of the state court of Alabama approving the settlement.[1]

We must first decide whether review of the denial of the motion to dismiss is before us as part of the appeal of the preliminary injunction.[2]  Our jurisdiction under 28 U.S.C. § 1292(a)(1) is not limited to the specific order appealed from. See Magnolia Marine Transp. Co., Inc. v. LaPlace Towing Corp., 964 F.2d 1571, 1580 (5th Cir. 1992).  Jurisdiction extends to certain related issues that have been sufficiently developed so as not to require further development at the trial court level. WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 2D § 3921.1 (1999).

The injunction and the preclusive effect of the Alabama judgment are so entangled as to arrive here together.  Delaying review of whether Mobil has effectively settled the federal claim while deciding whether the federal court can enjoin Mobil from settling without its approval would make no practical sense, and we have jurisdiction to avoid that oddity.  In short, it would waste

---

[1] Mobil also argues that the federal claim is barred under the Rooker-Feldman doctrine.  Because this Circuit has interpreted that doctrine as consistent with the Full Faith and Credit Act, see Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995), the two arguments are not distinct.  Mobil's argument would bar the very analysis it relies on in this appeal: the Matsushita court's examination of whether a state court judgment claiming to release federal claims should be given preclusive effect.

[2] Mobil contends that the plaintiffs in one of the class actions have no standing to defend against Mobil's motion because they opted out of the Lovelace settlement.  We agree with the district court that this argument is irrelevant.  Other plaintiffs did not opt out, and our decision on the preclusion issue will be law of the case on further proceedings, regardless of whether the class actions ultimately proceed to trial separately.

4

judicial resources without any offsetting benefit in the form of a more fully developed record. We have jurisdiction, and it is appropriate to decide the preclusive effect of the Alabama judgment as part of the § 1292(a)(1) appeal.

The Full Faith and Credit Act requires a federal court to give state court judgments the same preclusive effect they would have in another court of the same state. See Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 523 (1986). In Matsushita Electric Industrial Company, the Supreme Court held that a federal court must give effect to a state court approval of a class action settlement, even if the settlement releases federal claims within the exclusive jurisdiction of the federal courts, as long as the law of the state would give preclusive effect to the judgment. Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 375, 380 (1996).

The issue in this case is thus whether Alabama courts would preclude the federal suit following a settlement that claimed to release federal antitrust claims. Mobil argues that Alabama law precludes the suit as a matter of contract and as a matter of res judicata. First, Mobil claims that Alabama would enforce the settlement as a matter of contract law. A footnote in Matsushita comments that if a state chooses to approach the preclusive effect of a judicially-approved settlement "as a question of pure contract law," the federal court must follow that approach. Matsushita, 516 U.S. at 379 n.6.

5

We are not persuaded that Alabama treats the preclusive effect of judicially-approved settlements as a question of pure contract law. The cases and statute cited by Mobil stand for the ordinary proposition that a settlement will be enforced according to its terms, not that Alabama follows a particular approach to preclusion law. Mobil's reference to Adams v. Robertson, 676 So.2d 1265 (Ala. 1995), is also not on point. The Adams settlement settled no federal claims, and the Alabama Supreme Court's opinion, which reviewed the settlement for fairness, decided no preclusion issues. The passage cited by Mobil, stating the power of a court to release claims over which it does not have jurisdiction, is drawn from general language found in the trial court's lengthy findings, which were appended to the Alabama Supreme Court's opinion. Adams, 676 So.2d at 1300. This case is not precedent for the proposition that Alabama embraces a pure contract law approach to preclusion.

Mobil's second preclusion argument is that res judicata bars the action. Alabama insists that for a prior judgment to control, it must have been rendered by a court of competent jurisdiction. See Carlisle v. Phenix City Bd. of Educ., 543 So.2d 194, 195 (Ala. 1989). The jurisdictional competency requirement extends to judgments following settlements. See Parmater v. Amcord, Inc., 699 So.2d 1238, 1240-41 (Ala. 1997).

Alabama's law of res judicata is not unique. It is the test previously used by Delaware and described in Matsushita, where the state judgment would not have had preclusive effect on the federal suit: "[e]arly cases suggested that Delaware courts would not

6

afford claim preclusive effect to a settlement releasing claims that could not have been presented in the trial court." Matsushita, 516 U.S. at 376. The result in Matsushita followed from the Delaware Supreme Court's elimination of the jurisdictional requirement in the context of a settlement releasing federal claims. Id. at 376-77. We see no indication that Alabama has abandoned its jurisdictional requirement for judicially-approved settlements.

Because federal antitrust claims are within the exclusive jurisdiction of the federal courts, see Marrese v. American Academy of Orthopaedic Surgeons, 105 S. Ct. 1327, 1331 (1985), those claims could not have been litigated in the Alabama suit. Given current Alabama law requiring jurisdictional competency as a condition to the preclusive bite of res judicata, the Alabama judgment approving the settlement entered by its state court in Lovelace does not bar the federal action under that doctrine.

We hold that the district court met the requirements of Rule 65 in enjoining Mobil. We further hold that the Full Faith and Credit Act did not require the federal district court to give preclusive effect to the judgment of the state court of Alabama approving the Lovelace settlement.

AFFIRMED.