2003-NMCA-052

65 P.3d 266

**Gretchen L. HULL, Plaintiff–Appellant,**

v.

**Andrew FEINSTEIN and the City of Santa Fe, Defendants–Appellees.**

**No. 22,327.**

Court of Appeals of New Mexico.

Dec. 9, 2002.

Certiorari Denied, No. 27,937, March 18, 2003.

Gretchen L. Hull, Santa Fe, NM, for Appellant.

Katherine W. Hall, Miller, Stratvert & Torgerson, P.A., Santa Fe, NM, for Appellee City of Santa Fe.

## OPINION

WECHSLER, Judge.

{1} Plaintiff Gretchen Hull sued the City of Santa Fe (the City) and Andrew Feinstein, a neighbor and homeowner, alleging that she suffered injuries and consequential damages when her foot caught on a rise in the sidewalk, causing her to fall. Defendant Feinstein filed a jury demand before the district court granted summary judgment in his favor. That decision was not appealed. On

remand from the Court of Appeals, Plaintiff's suit against the City was dismissed at the close of her case.

{2} On appeal, Plaintiff argues: (1) that she was entitled to a jury trial, and (2) that the district court improperly dismissed her case. We hold that Plaintiff waived the right to jury trial by failing to pursue it prior to trial when she had the obligation to do so. We also hold that Plaintiff failed to prove that the City's negligence caused her injury. We therefore affirm.

*Right to Jury Trial*

{3} The district court held a pretrial conference with the parties on March 8, 2001. At the pretrial conference, the court stated its intent to set the case for non-jury trial. With Plaintiff's assent, the court set trial to begin April 9, 2001. On the day of trial, the court inquired as to whether there were any preliminary matters. Plaintiff did not raise any and proceeded to try her case to the court.

{4} On appeal, Plaintiff argues that she was entitled to a jury trial by virtue of Defendant Feinstein's jury demand. She first raised this issue in two post-judgment pleadings: (1) Plaintiff's Objections to Proposed Order and Response to Motion to Dismiss and (2) Plaintiff's Motion for New Trial. The City contends that Plaintiff waived her right to jury trial by allowing the court to proceed without mentioning that she desired a jury.

{5} In order to exercise the right to a jury trial in a civil case, a party must file a timely jury demand and pay a fee. Rule 1–038(A)–(C) NMRA 2002. Once requested, however, a jury demand can be waived. Rule 1–038(D); *see S. Pac. Co. v. Timberlake,* 81 N.M. 250, 253, 466 P.2d 96, 99 (1970).

{6} This case presents a variation on the basic application of Rule 1–038. Although Defendant Feinstein filed a jury demand and made a jury fee deposit, Plaintiff did not. However, Plaintiff was entitled to a jury trial based on Defendant Feinstein's demand. Rule 1–038(D) ("A demand for trial by jury may not be withdrawn without the consent of the parties."). The question before us, then,

is whether Plaintiff waived this entitlement by her conduct.

{7} Rule 1–038 does not provide for waiver of the right to jury trial by conduct. It addresses waiver in Subsection D as follows:

Waiver. Trial by jury is waived by:

(1) failing to file and serve a demand as required by this rule;

(2) failing to make a jury fee deposit as required by this rule;

(3) failing to appear at trial;

(4) filing a waiver of jury trial; or

(5) oral consent, in open court, entered in the record.

We construe the Rules of Civil Procedure, including Rule 1–038(D), "to secure the just, speedy and inexpensive determination of every action." Rule 1–001 NMRA 2002.

{8} Although there is no New Mexico case law under the current Rule 1–038 concerning waiver by conduct of the right to a jury trial, several of the federal circuit courts have addressed the question under Rule 38 of the Federal Rules of Civil Procedure. We note that the federal rule, Rule 38(d), differs from Rule 1–038(D). The federal rule states only a single way in which a party waives trial by jury: failure to serve and file a demand. Fed.R.Civ.P. 38. Rule 1–038(D) lists four additional ways, including by filing a waiver and by oral consent in open court. Rule 1–038(D)(4), (5). Both the federal rule and Rule 1–038(D) require consent of all parties to a withdrawal of a demand for jury trial.

{9} While the federal rule may differ from Rule 1–038(D) in some respects, neither rule contains a specific provision for waiver of trial by jury by a party's conduct. However, the federal circuit courts have concluded that circumstances similar to those in this case result in waiver of the right to jury trial. *See, e.g., FMC Corp. v. Aero Indus., Inc.,* 998 F.2d 842, 845 (10th Cir.1993) (holding that pro se party waived right to jury trial by signing pretrial order and participating in bench trial without objection); *White v. McGinnis,* 903 F.2d 699, 700 (9th Cir.1990) (holding that "knowing participation in a bench trial without objection constitutes waiver of a timely jury demand").

{10} In concluding that conduct may constitute waiver, the federal courts have rejected a formalistic approach in the application of the federal rule. *See White,* 903 F.2d at 703 (acknowledging and following a "general trend not to upset an otherwise valid bench trial" by conforming to the letter, but not the intent of the federal rule). Indeed, a formalistic application can result in the procedural inequities that many federal courts have sought to avoid. *See id.; Royal Am. Managers, Inc. v. IRC Holding Corp.,* 885 F.2d 1011, 1018 (2nd Cir.1989) (noting that it would be "patently unfair" and "in effect, an ambush of the trial judge on appeal" to allow appellant to file a jury demand, participate in a bench trial without objection, and subsequently claim error). Based on the mandate of Rule 1–001 to secure a "just, speedy and inexpensive determination" of civil actions, our rules of civil procedure also seek to avoid procedural inequities caused by formalistic applications. We therefore also believe that the purpose of the formalities of Rule 1–038(D) is to protect against an unintended waiver. *See White,* 903 F.2d at 703. Accordingly, if a party's conduct amply demonstrates that the party intended to waive the right to jury trial, the purpose of Rule 1–038(D) is fulfilled. *See id.; Royal Am. Managers, Inc.,* 885 F.2d at 1018; 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2321, at 168 (2d ed. 1994) ("The right to jury trial also may be waived by conduct or agreement of the parties.").

{11} In this case, Plaintiff had knowledge that the court intended to conduct a bench trial. The court stated its intent at the pretrial conference. Plaintiff requested a trial date in a month or slightly longer period of time, and the court set the trial thirty-two days from the pretrial conference. Plaintiff did not object to the non-jury setting. On the day of trial, the court specifically asked if there were any preliminary matters; however, Plaintiff did not raise any issue at that time, including whether she was entitled to a jury trial. Instead, she proceeded to trial without objection.

{12} Plaintiff's actions amounted to her consent to trial by the court and Plaintiff waived her right to a jury trial. She was aware that the district court intended to conduct a bench trial, but failed to inform the court that she wanted a jury trial. Plaintiff participated in the trial, and claimed a right to jury trial only after judgment against her. Contrary to Rule 1–001, we would promote unfairness in the trial process and erode the principles of judicial economy if we were to construe Rule 1–038(D) to permit a party with clear notice, as in this case, to proceed to trial and then claim error if the party is not satisfied with the result.

*Involuntary Dismissal*

{13} After Plaintiff completed her case, the City moved to dismiss pursuant to Rule 1–041 NMRA 2002. Under Rule 1–041(B), the court in a non-jury trial may grant a motion to dismiss at the conclusion of the presentation of the plaintiff's evidence if the plaintiff is not entitled to relief based upon the evidence and the law. Accordingly, the court granted the City's motion and entered judgment, finding that Plaintiff had failed to meet her burden of proof on negligence, causation, and damages.

{14} Plaintiff's negligence claim required that she prove each of the elements of negligence, including that her injuries were proximately caused by the City's negligence. *See Lopez v. Maez,* 98 N.M. 625, 630, 651 P.2d 1269, 1274 (1982) (stating requirements for negligence claim: duty, breach, proximate causation, and damages). In making its findings, the court was not limited to determining whether Plaintiff had produced sufficient evidence to withstand a motion for judgment as a matter of law under Rule 1–050(A) NMRA 2002; *Padilla v. RRA, Inc.,* 1997–NMCA–104, ¶ 17, 124 N.M. 111, 946 P.2d 1122. Rather, it was entitled to weigh the evidence, including Plaintiff's testimony, and to determine the weight it was entitled to receive in the court's judgment as the trier of fact. *Carlile v. Continental Oil Co.,* 81 N.M. 484, 488, 468 P.2d 885, 889 (Ct.App. 1970); *White v. City of Lovington,* 78 N.M. 628, 629, 435 P.2d 1010, 1011 (Ct.App.1967). We will uphold an involuntary dismissal under Rule 1–041(B) if the dismissal is rationally based on the evidence. *Padilla,* 1997–

NMCA–104, ¶ 17, 124 N.M. 111, 946 P.2d 1122.

{15} Plaintiff presented two witnesses at trial: Peter Wasko and herself. Mr. Wasko testified concerning his employment of Plaintiff and events which occurred after Plaintiff's fall. He did not observe the fall. Plaintiff testified about her fall, injuries, and medical attention. She introduced photographs of the sidewalk, showing a protrusion, and her injuries. She did not testify that the sidewalk protrusion shown in the photographs caused her to fall, but argued: "If the City is not at fault, who is at fault?" On cross-examination, Plaintiff testified that all she remembered was walking her dog, going back to the house, and then being on the ground. She testified that she had the dog on a leash that was wrapped around her wrist four or five times and that the dog had not been walked for a few nights. In deposition testimony, which Plaintiff did not recall at trial, Plaintiff testified that the dog "was energetic" and "rearing [sic] to go."

{16} In weighing the evidence on causation, the court was not obligated to give Plaintiff's testimony its most favorable understanding or to draw reasonable inferences from Plaintiff's testimony. *Blueher Lumber Co. v. Springer*, 77 N.M. 449, 453, 423 P.2d 878, 881 (1967). Rather than draw inferences from Plaintiff's testimony, the court as trier of fact found that Plaintiff did not meet her burden of proof on causation. Indeed, Plaintiff did not remember the fall or her deposition testimony. As the City argues, the court could rationally have concluded that Plaintiff's fall was not caused by the protrusion in the sidewalk, but by her own negligence in connection with the dog's actions. As a result, the court did not err in granting the City's motion to dismiss.

*Conclusion*

{17} We affirm the district court's dismissal of Plaintiff's case.

{18} **IT IS SO ORDERED.**

WE CONCUR: IRA ROBINSON and RODERICK T. KENNEDY, Judges.