**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUL 7 2004**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

DURAND DICKERSON,

      Plaintiff - Appellant,

      v.

G. RONALD BATES, JR.;
CHARLENE BROWN; PAUL
LEAVITT; DEBORAH LEAVITT;
CROW, CLOTHIER & BATES, a
Kansas corporation,

      Defendants - Appellees.

No. 03-3341
(D. Ct. No. 03-CV-2337-JWL)
(D. Kan.)

―――――――

**ORDER AND JUDGMENT**[*]

―――――――

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Durand Dickerson appeals from the District Court's

―――――――――――――

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

order dismissing his pro se complaint for lack of subject matter jurisdiction. We

exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

## I.  BACKGROUND

Mr. Dickerson's complaint alleges that the defendants violated the

Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-

1968, and defrauded him in obtaining and collecting various judgments entered

against him in a landlord-tenant dispute in Kansas state courts. After a thorough

analysis of Mr. Dickerson's claims, the District Court granted the defendants'

motion to dismiss on the ground that the *Rooker-Feldman* doctrine barred the

federal court from exercising subject matter jurisdiction.

## II.  DISCUSSION

"We review the district court's dismissal for lack of subject-matter

jurisdiction de novo." *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th

Cir. 2002) (citing *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000)).

Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction

to hear claims that are either (1) actually decided by a state court, *Rooker v.

Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), or (2) "inextricably intertwined"

with a prior state court judgment, *District of Columbia Court of Appeals v.

Feldman*, 460 U.S. 462, 482 n.16 (1983). Flowing from the general rule that only

the United States Supreme Court has federal appellate authority to review state

court decisions, *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004) (citing 28 U.S.C. § 1257(a)), the *Rooker-Feldman* doctrine prevents a lower federal court from conducting "'what in substance would be appellate review of [a] state judgment . . . based on a losing party's claim that the state judgment itself violates the loser's federal rights,'" *Kenmen*, 314 F.3d at 473 (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Although a state court has not actually decided Mr. Dickerson's federal claims, the District Court applied the *Rooker-Feldman* doctrine here after finding his claims inextricably intertwined with prior state court judgments. In making this determination, the District Court followed our well-established approach by asking "'whether the state-court judgment caused, actually and proximately, the injury for which [Mr. Dickerson] seeks redress.'" *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (quoting *Kenmen*, 314 F.3d at 476). Mr. Dickerson clearly seeks redress for losses resulting from the state judgments against him. For example, he seeks to be reimbursed for losses resulting from the garnishment of funds, posting of a bond, and payment of damages, all of which resulted from the state court decisions. Because the alleged injuries flow "actually and proximately" from the state court judgments, Mr. Dickerson's claims are inextricably intertwined with those judgments and the District Court lacks jurisdiction. *Id.*

In an attempt to avoid the *Rooker-Feldman* doctrine, Mr. Dickerson argues that the defendants, rather than the state court judgments, caused his injuries because the defendants defrauded him and engaged in criminal acts in obtaining and enforcing the judgments.[1]  Although he asks us to believe otherwise, he is, in fact, asking a federal district court to undo state-court judgments and restore him to the position he was in before these judgments.  *See Kenmen*, 314 F.3d at 477 (holding that the *Rooker-Feldman* doctrine barred a suit by plaintiffs seeking monetary relief that would restore them to the position they were in before the state-court judgments).  We, therefore, agree with the District Court that his "attempt to reframe the issues is unavailing."

We also reject Mr. Dickerson's argument that the *Rooker-Feldman* doctrine does not apply because he is challenging post-judgment collection procedures rather than the actual judgments.  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987).  But as this court has already noted, "under *Pennzoil,* a party may challenge state procedures for enforcement of a judgment, where consideration of the underlying state-court decision is not required." *Kenmen*, 314 F.3d at 476.

---

[1] Mr. Dickerson also argues that the *Rooker-Feldman* doctrine should not apply here because his complaint names defendants who were not parties in the state court proceedings.  We have indeed said that the doctrine does not apply *against* non-parties. *See Johnson*, 226 F.3d at 1109-10.  Here, however, *Rooker-Feldman* is not being applied against the non-party defendants but against Mr. Dickerson, who was clearly a party to the state court proceedings.  This argument, therefore, fails.

Here, such consideration is a necessity of the suit filed by Mr. Dickerson. In order to grant his requested relief, the District Court would have to consider the state court judgments and find them deficient, an effort that would clearly violate the *Rooker-Feldman* doctrine. *See id.* at 476 n.6 (noting that a district court would "upset" a state court judgment if it granted a damage award for "losses incurred as a result of complying with the state-court judgment").[2]

### III. CONCLUSION

For these reasons, we AFFIRM the District Court's dismissal of the case on the ground that it lacks subject matter jurisdiction over Mr. Dickerson's claims. Finally, the Defendants filed an objection to Mr. Dickerson's docketing statement implying that his appeal was frivolous and apparently requesting costs and other relief. Because the Defendants failed to file a proper motion under Rule 38 of the Federal Rules of Appellate Procedure, we DENY their request for costs and other relief.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge

---

[2]Because the court lacks jurisdiction over Mr. Dickerson's claims, we do not address Defendant Charlene Brown's alternative basis for dismissal or Mr. Dickerson's claim that one of the defense attorneys should be disqualified.