**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GRETCHEN LYNN HULL,

    Plaintiff-Appellant,

v.

CITY OF SANTA FE,

    Defendant-Appellee.

No. 03-2222
(D.C. No. CIV-03-531 BB/RHS)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** and **ANDERSON** , Circuit Judges, and **KANE**,** Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Plaintiff Gretchen Lynn Hull, appearing pro se, appeals from the dismissal of her 42 U.S.C. § 1983 claim against defendant City of Santa Fe. Ms. Hull argues that the district court erred by dismissing her case for lack of subject matter jurisdiction, an issue we review de novo. *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Liberally construing Hull's pro se complaint, it appears that Hull is bringing two claims: one for negligence against the City of Santa Fe related to a trip-and-fall accident and a second one for due process violations by the state court in her negligence case against the City of Santa Fe arising out of the same trip-and-fall accident. With respect to Ms. Hull's first claim, she has not demonstrated a basis for federal jurisdiction. The parties are not diverse and there is no federal question involved. *See* 28 U.S.C. §§ 1331 and 1332. Ms. Hull states correctly, however, that we can exercise pendent jurisdiction over her state claim if we have jurisdiction over her federal claim.

We turn then to Ms. Hull's federal claim. Although her complaint does allege that her due process rights were violated in the state court proceeding, the City of Santa Fe is not liable for the conduct of the state court system; therefore, Ms. Hull has not stated a constitutional claim against the defendant she chose to sue. Even if Ms. Hull had sued the proper defendant, her claim would require us

to review alleged errors related to her state court judgment. Federal courts, other than the Supreme Court, do not have jurisdiction to review state court decisions. *See Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004) (discussing *Rooker-Feldman* doctrine which limits federal appellate review of state court decisions). Accordingly, we affirm the dismissal of Ms. Hull's 42 U.S.C. § 1983 claim. Finally, because we are affirming the dismissal of Ms. Hull's federal claim, we decline to exercise jurisdiction over her remaining state claim. *See Coen v. Runner*, 854 F.2d 374, 379 (10th Cir. 1988).

The judgment of the district court is AFFIRMED. Ms. Hull's "Ruling in Support of Plaintiff's 2/6/04 Disqualification of District Court Judge Black's Disqualification and Plaintiff's 2/23/04 Damages' Request" is DENIED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge