**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 30, 2006**

**TENTH CIRCUIT**

GRETCHEN LYNN HULL,

      Plaintiff - Appellant,

      v.

CITY OF SANTA FE,

      Defendant - Appellee.

No. 06-2061
(D. Ct. No. CIV-05-1003 WPL/RLP)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal involves the third incarnation of what originated as a negligence action filed against the City of Santa Fe. Plaintiff-Appellant Gretchen Hull claimed in a state court lawsuit that she tripped and fell on a sidewalk in Santa Fe and that the city was

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

liable for improper maintenance of the sidewalk. The state court judge entered judgment against Ms. Hull following a bench trial. She unsuccessfully appealed that decision to the New Mexico Court of Appeals, *see Hull v. Feinstein*, 65 P.3d 266 (N.M. Ct. App. 2002), *cert denied*, 65 P.3d 1094 (N.M. 2003).

Ms. Hull then filed suit in federal district court against the City of Santa Fe under 42 U.S.C. § 1983, alleging that the state court violated her due process rights in adjudicating her negligence action against the city. The district court granted the city's motion to dismiss. A panel of this Court affirmed, holding that the City of Santa Fe cannot be held liable for the conduct of the state court system, and that even if Ms. Hull had sued the proper defendant, the court would lack subject matter jurisdiction over the claim under the *Rooker-Feldman* doctrine. *See Hull v. City of Santa Fe*, 113 F. App'x 301, 302 (10th Cir. 2004) *cert. denied*, 544 U.S. 930 (2005); *see also Merrill Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074–75 (2004) (federal courts, other than the Supreme Court, do not have jurisdiction to review state court decisions).

Subsequently, Ms. Hull filed another § 1983 action in which she again alleged constitutional violations in her state court negligence action. Relying on the panel's decision in *Hull*, the district court dismissed the action for lack of subject matter jurisdiction. Ms. Hull did not appeal that ruling. On September 19, 2005, Ms. Hull filed the instant action, a third § 1983 action, alleging due process and equal protection violations by the state court in her negligence action. Again, the District Court dismissed the case for lack of subject matter jurisdiction. It also entered an order barring Ms. Hull

from filing future claims against the City of Santa Fe involving the same subject matter as the instant case. Ms. Hull, appearing pro se, timely appealed. We have jurisdiction under 28 U.S.C. § 1291 and we AFFIRM.

As an initial matter, we hold, as we did before, *see Hull*, 113 F. App'x at 302, that the City of Santa Fe cannot be held liable for the conduct of the state court system, and that even if Ms. Hull had sued the proper defendant, this Court would lack subject matter jurisdiction over the claim under the *Rooker-Feldman* doctrine. *See Merrill Lynch*, 363 F.3d at 1074–75.

With regard to the District Court's order prohibiting Ms. Hull from continuing to file the same action against the City of Santa Fe, we review such decisions for an abuse of discretion. *See Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989). Federal courts have discretion to impose "carefully tailored restrictions" on the activities of abusive litigants under appropriate circumstances. *Id.* at 352. So long as a litigant is provided notice and an opportunity to oppose the court's order prior to it being instituted, injunctions against future filings may be "proper where the litigant's abusive and lengthy history is properly set forth." *Id.* at 353. Here, the filing restriction was carefully tailored to fit the specific abuse and the District Court provided Ms. Hull with notice and an opportunity to respond to the proposed restriction prior to entering its order. We conclude that the District Court did not abuse its discretion in barring Ms. Hull from

filing further proceedings in federal court in this matter.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge