**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL S. JENSEN,

Plaintiff - Appellant,

v.

UTAH COURT OF APPEALS; FIFTH
JUDICIAL DISTRICT COURT, in and for
Washington County, State of Utah;
WELLS FARGO BANK, N.A.,

Defendants - Appellees.

No. 12-4201
(D.C. No. 2:12-CV-00366-DN)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

This case involves application of the *Rooker-Feldman*[1] doctrine. Michael S.

Jensen, proceeding pro se, filed a petition seeking federal review of a judgment

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

[1] *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *see also Merrill Lynch Bus. Fin. Servs., Inc. v.*

previously entered by the Utah Court of Appeals. The district court dismissed for lack of jurisdiction. We affirm.

## BACKGROUND

Jensen owned a commercial building in Utah. When his tenant filed for bankruptcy (and, presumably, quit paying rent), he was unable to continue making the mortgage payments on the building. Wells Fargo Bank non-judicially foreclosed on the property. Later, it obtained a $99,639.23 deficiency judgment against Jensen in Utah state court. Although Wells Fargo produced a photocopy of the original note during the state litigation, it was never required to produce the original note. *See* Utah R. Evid. 1003 ("A duplicate is admissible to the same extent as an original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate.").

In light of widely reported problems relating to transfers of notes secured by real property, Jensen believed the Utah state court should have required Wells Fargo to produce the original note to prove it was a holder in due course. Evidencing his dissatisfaction with the state trial court's decision he filed a pleading entitled "Writ of Error Coram Vobis" with the Utah Supreme Court. It transferred the case to the Utah Court of Appeals, which later affirmed the trial court's decision. Jensen did not seek further review in a state court.

*Nudell*, 363 F.3d 1072, 1074 n.1 (10th Cir. 2004) (overviewing the *Rooker-Feldman* doctrine).

- 2 -

Instead, he filed his petition, captioned as a "Verified Petition for Appeal by Writ of Error Coram Vobis," in federal district court. He argued the Utah Court of Appeals erred in affirming the trial court's judgment and requested federal review to correct the alleged error. In his view, Wells Fargo lacked standing to foreclose or obtain a deficiency judgment because it had never produced the original note for the property. He appeals from the dismissal of his petition for lack of jurisdiction.

## DISCUSSION

In his briefing before this court, Jensen has two contentions: (1) the district court erred in dismissing the petition as barred under the *Rooker-Feldman* doctrine and (2) Wells Fargo lacked standing before the Utah courts, depriving the Utah courts of jurisdiction to enter a judgment. (Appellant Br. 19-20.) Because the district court lacked subject matter jurisdiction to review the Utah judicial proceedings, we need not go beyond the first issue.

We review the district court's dismissal de novo. *See Colo. Envtl. Coal. v. Wenker,* 353 F.3d 1221, 1227 (10th Cir. 2004). Because Jensen proceeds without the assistance of counsel, we construe his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

"The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004) (footnote omitted). "Thus, in applying the *Rooker-Feldman* doctrine, we focus on whether the lower federal court, if it adjudicated plaintiff's claims,

would effectively act as an appellate court reviewing the state court disposition." *Id.* at 1075.[2]

Here, Jensen asked the district court to review the proceedings before the state trial court and the Utah Court of Appeals and to correct the errors he identified:

> Jensen requested that the U.S. District Court look at all of the evidence Jensen submitted and argued at the Utah Courts and Order the reversal of their faulty decisions. Jensen wanted the U.S. District Court to Order the Utah Courts to adhere to the . . . [l]aw, and require Wells Fargo to evidence standing.

(Appellant Br. 24.) This is exactly what the *Rooker-Feldman* doctrine forbids.

Although Jensen cites *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) in support of the district court's jurisdiction, that case is inapposite because it did not involve the jurisdictional problem present here: the attempt to obtain federal judicial review of an extant state court judgment.

The district court correctly applied the *Rooker-Feldman* doctrine to conclude it lacked subject matter jurisdiction. Moreover, because the *Rooker-Feldman* doctrine also forecloses us from reviewing a final state court judgment, we lack jurisdiction to consider Jensen's contentions of error in the proceedings before the Utah courts. *See Crutchfield*

---

[2] In two recent cases, the Supreme Court emphasized the narrowness of the *Rooker-Feldman* doctrine. The doctrine does not deprive the district court of jurisdiction of a controversy brought by "nonparties to the earlier state-court judgment" nor does it apply when a litigant seeks relief in federal court prior to the issuance of the state court's judgment. *Lance v. Dennis,* 546 U.S. 459, 466 (2006) (per curiam); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). This case, however, does not fall within either of these exceptions; it falls neatly within the core of the doctrine because it was brought by a "state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon,* 544 U.S. at 284.

*v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir.2004) ("[I]f appellate review of state court judgments is vested in the United States Supreme Court, it follows that review is *not* vested in lower federal courts."), *overruled in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Nudell,* 363 F.3d at 1074-75; *see also* Fed. R. Civ. P. 60(e) (abolishing writs of coram nobis and coram vobis).

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge